## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **NIGELLUS DEVONTE DAVIS** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:19cv971-HSO-JCG** |
| | § | |
| | § | |
| **DIBERVILLE POLICE DEPT., et al.** | § | **DEFENDANTS** |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

THIS MATTER is before the Court sua sponte.  For the reasons that follow, the Court finds that this civil action should be dismissed without prejudice.

## I.  BACKGROUND

Plaintiff Nigellus Devonte Davis ("Plaintiff") filed suit in this Court on December 17, 2019, against Defendants DIberville [sic] Police Dept., Mercedes, and Infinity.  Compl. [1] at 1-2.  Plaintiff contends that "[t]hey came into a dealership of Infinty [sic] and Mercedees [sic] and well told me to walk outside while buy a car and arrest me for fasle [sic] fines."  Compl. [1] at 3.  Plaintiff raises a claim for false arrest and seeks relief of "800 Trillion USD and all chain of company[,] 10 of 2020 GT 53[,] 5 convert of CLA 250."  *Id.* at 4.

In addition to this lawsuit, Plaintiff has filed at least 17 other lawsuits in this Court in a period of less than one month, from November 21 to December 17, 2019.  *See Davis v. Keesler Air Force Base*, No. 1:19cv903-LG-RPM, Compl. [1] (S.D. Miss. Nov. 21, 2019); *Davis v. State of Florida Lottery*, No. 1:19cv904-HSO-JCG, Compl.

[1] (S.D. Miss. Nov. 21, 2019); *Davis v. Beau Rivage*, 1:20cv352-HSO-JCG, Compl. [1] (S.D. Miss. Nov. 24, 2019); *Davis v. IRS*, 1:20cv353-LG-RPM, Compl. [1] (S.D. Miss. Nov. 24, 2019); *Davis v. Navigator Bank*, 1:20cv357-LG-RPM, Compl. [1] (S.D. Miss. Nov. 30, 2019); *Davis v. Harrison County Second Judicial District*, 1:19cv962-LG-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Walmart*, 1:19cv963-LG-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. IP Casino Resort SPA*, 1:19cv964-HSO-JCG, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Biloxi Police Dept.*, 1:19cv965-HSO-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Ocean Springs Police Dept.*, 1:19cv966-HSO-JCG, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Golden Nugget Casino*, 1:19cv967-LG-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Palace Casino*, 1:19cv968-LG-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Kessler Bank*, 1:19cv969-HSO-JCG, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Bancorp South*, 1:19cv970-LG-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Shoe Station*, 1:19cv972-LG-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. Miss. Lottery & Sports Betting*, 1:19cv973-HSO-JCG, Compl. [1] (S.D. Miss. Dec. 17, 2019); *Davis v. McDonalds*, 1:19cv974-LG-RPM, Compl. [1] (S.D. Miss. Dec. 17, 2019).

At least four of these civil actions have been dismissed for Davis's failure to respond to or comply with Court orders, for failure to prosecute, or for lack of subject-matter jurisdiction. *See Davis v. Kessler Bank*, 1:19cv969-HSO-JCG, Order [5] at 2-3 (S.D. Miss. Oct. 6, 2020) (Davis failed to comply with two Court orders, despite being warned that failure to do so may result in dismissal); *Davis v. IP*

*Casino Resort SPA*, 1:19cv964-HSO-JCG, Order [5] at 2-3 (S.D. Miss. June 10, 2020) (Davis failed to respond to two Court orders and file an amended complaint as ordered); *Davis v. Ocean Springs Police Dept.*, 1:19cv966-HSO-JCG, Order [5] at 2-3 (S.D. Miss. June 10, 2020) (Davis failed to comply with two Court orders and file an amended complaint as ordered); *Davis v. State of Florida Lottery*, No. 1:19cv904-HSO-JCG, Order [11] at 2-7 (S.D. Miss. June 9, 2020) (Davis failed to respond to two orders to show cause, and the Court lacked jurisdiction).

In this case, Plaintiff filed a Motion [2] to Proceed In Forma Pauperis ("IFP"), *see* Mot. [2], which the Court denied without prejudice on April 10, 2020, *see* Order [3] at 3. The Court required Plaintiff to either pay the $400.00 civil filing fee or fully complete the IFP application. *Id.* Plaintiff did not timely respond to the Order [3], pay the filing fee, or complete the required form. On May 13, 2020, the Magistrate Judge entered a Final Order [4] to Show Cause directing Plaintiff to either pay the civil filing fee or submit a completed IFP application by May 29, 2020. *See* Order [4] at 2. Finally, on June 4, 2020, Plaintiff submitted his IFP application [5], *see* Mot. [5], which the Magistrate Judge provisionally granted, *see* Order [6] at 1.

On October 28, 2020, the Magistrate Judge ordered Plaintiff to file "an amended complaint which demonstrates why his claims should not be dismissed for failure to state a claim and as factually frivolous." Order [7] at 7. Plaintiff was warned that his failure to comply with the Court's Order may result in dismissal of this suit for failure to prosecute. *Id.* at 6. Plaintiff did not respond to the Order [7]

3

or file an amended complaint.

On November 23, 2020, the Magistrate Judge entered a Second Order [8] to Show Cause directing Plaintiff file his amended complaint and to show cause on or before December 9, 2020, why the case should not be dismissed for failure to state a claim and as factually frivolous.  Order [8] at 7.  The Magistrate Judge noted that Plaintiff had not alleged specific facts to support a conclusion that he was arrested or detained without probable cause and that "DIberville [sic] Police Dept." was not a proper defendant.  *Id.* at 4.  The Magistrate Judge also explained that the City of D'Iberville can only be liable if it acted pursuant to a municipal policy or custom and that Plaintiff had not identified any policy or custom that was the moving force behind his false arrest.  *Id.* at 4-5.  Finally, the Magistrate Judge indicated that Plaintiff had not stated a claim against Mercedes and Infinity.  *Id.* at 5.

In light of his history of filing lawsuits without a good faith basis, the Second Order [8] to Show Cause also required Plaintiff to show cause why he should not be enjoined from filing future suits in this Court without first obtaining written permission from either a district judge or magistrate judge.  *See id.* at 7.  Plaintiff was again warned that his failure to comply with the Court's Order could result in the dismissal of his case.  *Id.* at 7-8.  To date, Plaintiff has not responded to the Court's Orders or filed an amended pleading.[1]

---

[1] On November 30, 2020, Plaintiff did file what he styled a "Motion for Speedy Trial," stating that he "would like to let the case be heard and see what happens."  Mot. [10] at 1. This is wholly irrelevant and unresponsive to the Magistrate Judge's Orders to Show Cause.  Moreover, a Motion [10] for a Speedy Trial is inapplicable to civil proceedings.  *See* U.S. CONST. amend. VI.

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

Plaintiff has not responded to two Orders of this Court and has not filed an amended complaint, as directed. This case cannot proceed in any meaningful way until Plaintiff takes these actions. The Court finds it appropriate under these circumstances to dismiss this suit without prejudice for failure to prosecute and failure to obey orders of the Court.

Plaintiff also did not respond to the Magistrate Judge's Order [8] to show cause why he should not be enjoined from filing future suits without first obtaining written permission to do so in light of his history of filing lawsuits without a good faith basis. *See* Order [8] at 7. Federal courts have inherent authority to "impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation," under the appropriate factual circumstances. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d

181, 189 (5th Cir. 2008).  It appears that such factual circumstances are present here.  However, the Court will not impose a pre-filing injunction at this time, but Plaintiff is strongly cautioned that his numerous filings in this Court, most if not all of which appear to be frivolous, may subject him to future sanctions.  Plaintiff is warned that the Court may find in the future that an injunction should be entered, either in a case that is currently pending or in any future case.  Plaintiff would then be required to first obtain written permission from either a district judge or magistrate judge before he may file any future lawsuits.

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Nigellus Devonte Davis's claims against Defendants DIberville [sic] Police Dept., Mercedes, and Infinity are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this the 14th day of December, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

6